OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION | : |
| | :     No. 89-1104 |
| of | : |
| | :     May 8, 1990 |
| JOHN K. VAN DE KAMP | : |
| Attorney General | : |
| | : |
| CLAYTON P. ROCHE | : |
| Deputy Attorney General | : |
| | : |

THE HONORABLE CHARLES R. MACK, COUNTY COUNSEL, YOLO COUNTY, has requested an opinion on the following question:

When a county probation department or social services department pursuant to juvenile court authorization places a "dependent child" of the court in a licensed children's institution in another county, and the child is eligible for special education and related mental health services, which public agency is responsible for the costs of providing related mental health services to the child.

CONCLUSION

When a county probation department or social services department pursuant to juvenile court authorization places a "dependent child" of the court in a licensed children's institution in another county, and the child is eligible for special education and related mental health services, the county from which the child is placed is responsible for the costs of providing related mental health services.

ANALYSIS

The Juvenile Court Law (Welf. & Inst. Code, § 300 et seq.) provides that any minor who falls within any one of ten categories set forth in section 300 of the Welfare and Institutions Code (e.g., an abused child or a child without any provision for support) may be declared a "dependent child" of the court. Where the juvenile court orders that a "dependent child" shall be removed from the custody of its parents, "the court shall order the care, custody, control and conduct of the minor to be under the supervision of the probation officer who may place the minor. . . [in one of a number of settings, including] (3) A suitable licensed community care facility."[1] If there are

_____

[1]We note also that the duties of the probation officer with respect to dependent children of the court may be delegated to the county welfare department. (Welf. & Inst. Code, § 272.) In our request herein such department is the County Department of Social Services.

no appropriate placement facilities in the parents' or guardians' county, placement may be made in another county with court authorization, preferably an adjacent county. (Welf. & Inst. Code, § 361.2, subds. (c), (d).)  It is such a "dependent child" of the court we consider herein who is placed in another county and additionally qualifies for "special education" under state law.

"Special education" for children with "exceptional needs" is provided for in section 56000 et seq. of the Education Code.   Special education is defined in the Education Code as ". . . specially designed instruction, at no cost to the parent, to meet the unique needs of individuals with exceptional needs, whose educational needs <u>cannot</u> be met with modification of the regular instruction program, and <u>related services</u>, at no cost to the <u>parent</u>, which may be needed to assist such individuals to benefit from specially designed instruction. . . ." (Ed. Code, § 56031 emphasis added.)[2]

In this request for our opinion the focus is upon who pays the costs of related mental health services?

The "Joint Regulations For Handicapped Children" adopted to implement section 7570 et seq. of the Government Code, and found in section 60000 et seq. of Title 2 of the California Code of Regulations, provide for such costs.[3]   Section 60200 provides that "related services" "are to be provided at no cost to the parents" and that "[t]he local mental health program shall be financially responsible for:  (1)  Provision of mental health services as recommended by a local mental health program representative and included in the individualized educational program." Section 60020, subdivision (d) defines "local mental health program" to mean "a county community mental health program established in accordance with the Short-Doyle Act (Part 2 (commencing with section 5600) of division 5 of the Welfare and Institutions Code) or the county welfare agency when designated pursuant to 7572.5 of the Government Code." Accordingly, where mental health services are provided as a related services, <u>the county, not the school district</u>, is responsible for such costs.  (See also, generally, Gov. Code, §§ 7573, 7576, 7581, 7560 et seq., Ed. Code, § 56159.)

---

[2]The term "related services" is defined in subsection (17) of section 1401 of Title 20 of the United States Code as:

"(17) The term 'related services' means transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, and medical and counseling services, (except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a handicapped child to benefit from special education, and includes the early identification and assessment of handicapping conditions in children." (Emphasis added.)

See also Government Code, section 7572 regarding assessment of the child's need for "related services", including "psychotherapy and other mental health assessments."

No issue is presented in this opinion as to the meaning or scope of "related services."  For the purposes of this opinion we assume that the mental health services to be provided are "related services" as contemplated by federal and state law with regard to "special education" for handicapped children.

[3]Section 7570 et seq. of the Government Code set forth the interagency responsibilities for providing services to handicapped children, making it the joint responsibility of the Superintendent of Public Instruction and the Secretary of Health and Welfare.

In the context of the foregoing special education and related services laws and the Juvenile Court Law we are asked which public agency is responsible for providing the costs of mental health services, a "related service," where (1) the probation department or social services department of one county pursuant to juvenile court authorization places a "dependent child" of the court (see Welf. & Inst. Code, § 300 et seq.) in a licensed children's institution (LCI) in another county and (2) the child is eligible for both "special education" and related mental health services?

If the "dependent child" were placed in an "LCI" in the county where the juvenile court is located, under the regulations discussed above that county would be financially responsible for the provision of mental health services through its Short-Doyle program. The facts presented herein require us to determine if there is a different result concerning financial responsibility where there is an out-of-county placement.

We conclude that where there is an out-of-county placement, the county from which the child is placed will still be responsible for the costs of such mental health services. We believe this to be clear from 1) section 7581 of the Government Code, a provision in the chapter which governs interagency responsibilities for providing services to handicapped children just discussed and 2) section 56159 of the Education Code, a provision of the special education laws contained in an article specifically directed "to individuals with exceptional needs placed in a licensed children's institution or foster family home by a court, regional center for the developmentally disabled, or public agency, other than an educational agency." (Ed. Code, § 56155).

Section 7581 of the Government Code provides:

"The residential and noneducational costs of a child placed in a medical or residential facility by a public agency, other than a local education agency, or independently placed in a facility by the parent of the child, shall not be the responsibility of the state or local education agency, but shall be the responsibility of the placing agency or parent." (Emphasis added.)

Section 56159 of the Education Code provides:

"If a district, special education local plan area, or county office does not make the placement decision of an individual with exceptional needs in a licensed children's institution or in a foster family home, the court, regional center for the developmentally disabled, or public agency, excluding an education agency, placing the individual in the institution, shall be responsible for the residential costs and the cost of noneducation services of the individual." (Emphasis added.)

Under these sections, the county in which the juvenile court having jurisdiction of the "dependent child" is located would be the placing "public agency". This follows from the fact that it is the probation department or welfare or social services department of that county which does the actual placing of the child in an "LCI" pursuant to that court's authorization.

That the county placing the dependent child in an "LCI" in another county should bear the costs of "IEP" related mental health services is also supported by analogous case law. With respect to the parallel provisions of the Welfare and Institutions Code relating to Juvenile Court wardship proceedings, the court in *In re Ramona S.* (1976) 64 Cal.App.3d 945, 952 held:

"Of course, it is proper for the juvenile court of one county to 'place' a minor ward of the court in another county when such placement is found to be in the best interest of the minor. (See Welf. & Inst. Code, § 755.) But it is patently contrary to

3.                                                                                           89-1104

sound policy and the relevant statutes to permit one county to shift the administrative and financial burden of a juvenile court wardship to another county, at a time when the minor's residence remains in the former county according to either of the criteria of Welfare and Institutions Code section 17.1."

By a parity of reasoning we believe that it would be "patently contrary to sound policy and the relevant statutes [Gov. Code, § 7581, *supra* and Ed. Code, § 56159, *supra*] to permit one county to shift the administrative and financial burden of a juvenile court . . . ["dependent child"] proceeding to another county," including the "IEP" related mental health services costs which would otherwise be borne by the placing county.

We therefore conclude that when the probation department or social services department of one county, with juvenile court approval, places a dependent child in a licensed children's institution in another county, and the child is eligible for special education and related mental health services, the placing county is responsible for the costs of providing the related mental health services.

\* \* \* \* \*